United States Bankruptcy Court
Middle District of Pennsylvania

In re:                                                         Case No. 25-01918-HWV
Joseph Reynold Stull                                          Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-1                 User: AutoDocke                        Page 1 of 2
Date Rcvd: Aug 28, 2025              Form ID: pdf002                    Total Noticed: 6

The following symbols are used throughout this certificate:

**Symbol**      **Definition**

+               Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
                regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 30, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Joseph Reynold Stull, 8724 Mormon Church Road, Waynesboro, PA 17268-9754 |
| 5727908 | + | Quincy Township, 7575 Mentzer Gap Road, Waynesboro, PA 17268-8946 |
| 5725397 | + | Thomas Browning, 252 Grant Street, Greencastle, PA 17225-1014 |
| 5725398 | + | UMB Bank, National Association, c/o KML Law, 701 Market Street, Philadelphia, PA 19106-1538 |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern
Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 5725396 | + | Email/Text: bankruptcy_notifications@ccsusa.com | | |
| | | | Aug 28 2025 18:44:00 | Credit Collection Services, Attn: Bankruptcy, 725 Canton St, Norwood, MA 02062-2679 |
| 5725399 | | Email/Text: bankruptcynotification@wellspan.org | | |
| | | | Aug 28 2025 18:43:00 | Wellspan, P O Box 15119, York, PA 17405-7119 |

TOTAL: 2

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a
preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities
in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and
belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the
complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains
the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 30, 2025              Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 28, 2025 at the address(es) listed
below:**

| Name | Email Address |
|---|---|
| Jack N Zaharopoulos | ecf_pahu_alt@trustee13.com |
| Matthew K. Fissel | |

District/off: 0314-1

User: AutoDocke

Page 2 of 2

Date Rcvd: Aug 28, 2025

Form ID: pdf002

Total Noticed: 6

on behalf of Creditor UMB Bank  National Association, not in its individual capacity, but solely as legal title trustee for PRL Title Trust II bkgroup@kmllawgroup.com, wbecf@brockandscott.com

Nicholas G. Platt

on behalf of Debtor 1 Joseph Reynold Stull ngp@mooney4law.com  plattnr61895@notify.bestcase.com

United States Trustee

ustpregion03.ha.ecf@usdoj.gov

TOTAL: 4

<u>LOCAL BANKRUPTCY FORM 3015-1</u>

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

**Joseph Reynold Stull**

CHAPTER 13
CASE NO. **1:25-bk-01918**

☑ ORIGINAL PLAN
___ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
☐ Number of Motions to Avoid Liens
☐ Number of Motions to Value Collateral

### CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☑ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $ **0.00** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**5,688.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 08/25 | 07/28 | 158.00 | 0.00 | 158.00 | 5,688.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $5,688.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☑ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

**B.**   **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $**20,381.57**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☑ No assets will be liquidated. *If this line is checked, the rest of § 1.B.2 and complete § 1.B.3 if applicable*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

**2.**   **SECURED CLAIMS.**

**A.**   **Pre-Confirmation Distributions.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

**B.**   **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

☑ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| UMB Bank, National Association | 8724 Mormon Church Road Waynesboro, PA 17268 Franklin County Value based on entitlement from deceased father's will; Value based on Zillow and CMA forthcoming | |

**C.**   **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*
☑ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

**D.**   **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**
☑ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

**E.**   **Secured claims for which a § 506 valuation is applicable.** *Check one.*
☑ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

**F.**   **Surrender of Collateral.** *Check one.*

2

☑ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

**G.**     <u>Lien Avoidance.</u> *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☑ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

**3.**     **PRIORITY CLAIMS.**

       **A.**     <u>**Administrative Claims**</u>

            1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

            2. <u>Attorney's fees.</u> Complete only one of the following options:

                a.     In addition to the retainer of $ **4,594.00** already paid by the Debtor, the amount of $ **406.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

                b.     $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

            3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
                     *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

       **B.**     <u>**Priority Claims (including, certain Domestic Support Obligations)**</u>

☑ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

       **C.**     <u>**Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**</u>. *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4.**     **UNSECURED CLAIMS**

       **A.**     <u>**Claims of Unsecured Nonpriority Creditors Specially Classified.**</u>
           *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

       **B.**     <u>**Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**</u>

**5.**     **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

**6.**     **VESTING OF PROPERTY OF THE ESTATE.**

       **Property of the estate will vest in the Debtor upon**

       *Check the applicable line:*

3

☐ plan confirmation.
☐ entry of discharge.
☑ closing of case.

**7.    DISCHARGE: (Check one)**

☑ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8.    ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1:    _____
Level 2:    _____
Level 3:    _____
Level 4:    _____
Level 5:    _____
Level 6:    _____
Level 7:    _____
Level 8:    _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:    Adequate protection payments.
Level 2:    Debtor's attorney's fees.
Level 3:    Domestic Support Obligations.
Level 4:    Priority claims, pro rata.
Level 5:    Secured claims, pro rata.
Level 6:    Specially classified unsecured claims.
Level 7:    Timely filed general unsecured claims.
Level 8:    Untimely filed general unsecured claims to which the Debtor has not objected.

**9.    NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated:    **July 24, 2025** _____        **/s/ Nicholas G. Platt** _____
                                                          **Nicholas G. Platt 327239**
                                                          Attorney for Debtor

                                                          **/s/ Joseph Reynold Stull** _____
                                                          **Joseph Reynold Stull**
                                                          Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

4